Kottmyer, Diane M., J.
The Deponents Gregory J. Curfman, M.D., Executive Editor of the New England Journal of Medicine (the “NEJM”), and Jeffrey Drazen, M.D., its Editor-in-Chief (the “Deponents”) have moved for reconsideration of this Court’s Memorandum of Decision and Order on Motions to Quash Subpoenas dated April 12, 2014 (the “Decision”). The relevant facts are set forth in the Decision. The motion for reconsideration is denied for the following reasons.
1. The Deponents concede that the Court applied a balancing test as required under Massachusetts law. They argue that the Court failed to consider all of the relevant information and, in particular, that internal editorial deliberations including those relating to the correction of a disclosure are protected and that “disclosing communications with the authors of the article would reveal . . . the internal editorial and decision-making process of the NEJM. . . [and] this could have a deleterious effect on the NEJM.” The balance struck by the Court in the Decision is fact-specific. Critical to the ruling denying in part the motions to quash is the fact that there is substantial evidence that the Disclosure that accompanied publication of the Article was not accurate and that the Correction did not adequately correct the misstatements in the Disclosure. Facts concerning the extent to which the Disclosure and Correction were not true, the identity of the individuals who drafted the Disclosure and the Correction and the decisions made as to the wording of the Disclosure and Correction do not concern the “scientific merits” of the study described in the Article. Nothing in the record suggests that the requirement that authors disclose the extent to which a sponsor had a role in a study varies depending on the scientific merits of an article. Moreover, the Deponents ignore the fact that communications between editors and authors are sanitized and that the authors are not precluded from disclosing those communications if they elect to do so.
2. The Deponents argue for the first time that the subpoenas are addressed to them in their individual capacities, not as keepers of the records of NEJM, and they do not have custody and control over the documents sought by the subpoenas. The argument has no application to the extent that the order requires that the Deponents testify.
The subpoenas identify the Deponents as Executive Editor of the NEJM and its Editor-in-Chief. The argument that the Deponents do not have custody or control of the documents is relevant to the requirement that the Deponents produce records of the *310 NEJM. If the argument had been made in one of the multiple memoranda filed by the Deponents in support of the motions to quash and/or at the hearing held on the motions to quash before the Court ruled on the motions to quash, the Court would have considered its merits. As the matter now stands, I find that the Deponents have waived the claim that they do not have possession, custody and control over the records of the NEJM and/or authority to produce the documents and that, by virtue of their positions as Editor-in-Chief and Executive Editor, the NEJM is bound by their waiver.
CONCLUSION AND ORDER
For the reasons stated herein, the Motion for Reconsideration of Order on Motions to Quash Subpoenas is denied.